**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Victor William HARGRAVE,**
**Defendant–Appellant.**

**No. 02–6393.**

United States Court of Appeals,
Fourth Circuit.

Submitted Aug. 29, 2002.

Decided Sept. 5, 2002.

Victor William Hargrave, Appellant Pro Se. Anna Mills Wagoner, Office of the United States Attorney, Greensboro, North Carolina, for Appellee.

Before WIDENER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished PER CURIAM opinion.

PER CURIAM.

Victor William Hargrave seeks to appeal the district court's order denying his motion for reconsideration. We dismiss the appeal for lack of jurisdiction, because Hargrave's notice of appeal was not timely filed.

Since the United States was a party to the action, Hargrave was accorded sixty days after the entry of the district court's final judgment or order to note an appeal, *see* Fed. R.App. P. 4(a)(1), unless the dis-

trict court extended the appeal period under Fed. R.App. P. 4(a)(5) or reopened the appeal period under Fed. R.App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)).

The district court's order was entered on the docket on October 10, 2001. Hargrave's notice of appeal was filed on February 19, 2002.* Because Hargrave failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*

---

* For the purpose of this appeal we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. *See* Fed. R.App. P. 4(c); *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).